HICKORY LANE LAND & DEVELOPMENT COMPANY *v.*
VILLAGE OF NOVI.

MUNICIPAL CORPORATIONS—DISCONNECTION OF AGRICULTURAL LAND—
EVIDENCE OF USAGE—FEDERAL SOIL BANK PROGRAM—EVIDENCE.
Evidence presented by plaintiffs in proceedings to disconnect land
at border of village *held,* to make a prima facie showing that
the land had been actually devoted to agricultural uses to the
extent it was feasible to do so following death of former owner
who had used it all for a unitary farm operation, notwith-
standing the placing of some of the tillable land in the Federal
soil bank program, and upon retrial defendant failed to pro-
duce evidence supporting trial court's finding that the lands
had not been used exclusively for agricultural purposes (CLS
1961, § 123.31 *et seq.*).

Appeal from Oakland; Beer (William J.), J.
Submitted Division 2 May 14, 1965, at Detroit.
(Docket Nos. 397, 398.)   Decided July 19, 1965.

Petition by the Hickory Lane Land & Develop-
ment Corporation, a Michigan corporation, against
Village of Novi, an incorporated village, for the dis-
connection of land from the defendant village.
Similar petition by same corporate plaintiff and
Frank E. Kenney, executor of the estate of Georgia
M. Mitchell, deceased.   Cases consolidated.   Judg-
ment for defendant.   Plaintiffs appeal.   Reversed.

*Pevos & Pevos (Daniel N. Pevos,* of counsel), for
plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE
37 Am Jur, Municipal Corporations § 38.
Facts warranting extension or reduction of municipal boundaries.
62 ALR 1011,

T. G. Kavanagh, J. This is a petition under CLS 1961, § 123.31 (Stat Ann 1958 Rev § 5.3561) for the disconnection of certain land from the village of Novi.

When the matter was first tried in April, 1962, at the conclusion of plaintiffs' proofs, the defendant's motion for dismissal was granted. This decision was appealed to the Supreme Court and was reversed. *Hickory Lane Land & Development Company* v. *Village of Novi* (1964), 372 Mich 219.

In its opinion the Court said (pp 225, 226):

"There is no question that hay was harvested from the land by plaintiff in 1958 and that large areas of the land were farmed in 1959 and 1960 by the plaintiffs' tenants under yearly leases. Plaintiffs' proofs clearly establish the fact that all of the lands involved in this litigation had been used by the Mitchells for a unitary farm operation and that the disruption therein resulted from Mr. Mitchell's death. Under the circumstances disclosed, the plaintiffs have continued to devote the land to agricultural uses to the extent it was practically feasible for them to do so. Their aborted effort to sell the land does not affect the fact that it was actually used only for farming during the life of the option to purchase nor does placing some of the tillable land in the Federal soil bank program alter the fact that the land, considered as a unitary whole, was devoted to no other purpose than agricultural.

"Plaintiffs at the conclusion of their proofs, had established their prima facie right to the relief provided by the statute."

Thereafter on the second trial the defendant put in its case, producing but three witnesses.

The first witness did not testify about the use of the land specifically in the years in question, 1958, 1959, and 1960; the second witness testified: "Well, '59 and '60, I don't believe they used it much for

farming." The third said that he did not know whether or not the land was used for farming but was permitted to testify that after the years in question construction equipment was stored on Grand River.

Thus there is no evidence in the record to support the court's finding that "the lands of the petitioners have not been used exclusively for agricultural purposes for the past three years preceding the filing of the petitions," and "the lands have had other non-agricultural uses of a commercial nature."

The ruling is reversed. An order granting the relief prayed for in the petitions will issue. The appellants are awarded costs.

QUINN, P. J., and FITZGERALD, J., concurred.